UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA

**Hon. Hugh B. Scott**

*13CR007A*

v.

**Report
&
Recommendation**

Johnny Maye,

Defendant.

Before the Court is the defendant's omnibus motion seeking various pretrial relief

(Docket No. 9).[1]

**Background**

In an indictment dated January 9, 2013, a Grand Jury for the Western District of New

York charged defendant, Johnny Maye ("Maye") with importation of methamphetamine, BZP

and MDMA, as well as possession with the intent to distribute those substances. (Docket No. 1).

---

[1] To the extent the instant motion seeks various non-dispositive pretrial relief, those
issues are the subject of a separate Decision & Order.

**Suppression of Statements[2]**

In his omnibus motion, the defendant, who was stopped at a bridge entering the United States from Canada, asserts that after he was referred for a secondary inspection he made oral and written statements to the authorities. The defendant's motion states "upon information and belief" that the defendant was "not fully advised" of his Miranda warnings at the time he made the statements. (Docket No. 9 at page 20). These allegations are not supported by any affidavit or declaration from any individual with personal knowledge of the events underlying the request.

The defendant has not submitted any evidence, based upon personal knowledge, raising an issue to be addressed at an evidentiary hearing. Defendant has not demonstrated that an evidentiary hearing as to this issue is warranted in this case. United States v. Richardson, 837 F.Supp. 570 (S.D.N.Y.1993) (evidentiary hearing not required where defendant failed to make specific factual allegations of illegality based upon personal knowledge but defense counsel merely alleged that defendant did not knowingly waive his rights before answering questions); United States v. Ahmad, 992 F.Supp. 682, 685 (S.D.N.Y.1998) (affidavit of defense counsel seeking suppression of custodial statements for failure to provide Miranda warnings insufficient to warrant evidentiary hearing or suppression); United States v. Caruso, 684 F.Supp. 84, 87 (S.D.N.Y.1988) ( "without a supporting affidavit of someone with personal knowledge of the underlying facts, the court need not resolve factual disputes that may be presented by the moving papers.").

---

[2]   On page 3 of his motion, near the end of the list of various types of relief the defendant was seeking in the motion, the defendant indicated that he was moving "to suppress evidence pursuant to Federal Rules of Criminal Procedures 12 and 41(h)." (Docket No. 9 at page 3). No further mention of this relief is made in the body of the motion.

Based on the above, it is recommended that the motion to suppress statements be denied.

**Conclusion**

For the reasons stated above, the motion to suppress (Docket No. 9) should be denied consistent with the above.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen(14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as W.D.N.Y. Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y. Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not,

presented to the Magistrate Judge in the first instance. See <u>Patterson-Leitch Co. Inc. v.</u>

<u>Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3)may result in the District Court's refusal to consider the objection.**

So Ordered.

/s/ Hugh B. Scott

United States Magistrate Judge
Western District of New York

Buffalo, New York
July 8, 2013